Filed 3/9/22  P. v. Alvarado CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H048753 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS161207A) |
| v. | |
| FABIAN ALVARADO, | |
| Defendant and Appellant. | |

In his second appeal to this court, appellant Fabian Alvarado argues his sentence must be vacated and remanded to the trial court for reconsideration.  This court previously reversed one of the counts of conviction and vacated Alvarado's prior sentence.  At the subsequent resentencing, the trial court did not strike or dismiss two firearm enhancements.  (Pen. Code, § 12022.53, subd. (h).)[1]  Alvarado contends the record does not make clear whether the trial court understood at his resentencing its discretion to impose lesser included firearm enhancements, and therefore the sentence must be vacated.  We agree and remand for the trial court to exercise its informed discretion.

---

[1] Unspecified statutory references are to the Penal Code.

# I. PROCEDURAL BACKGROUND[2]

On December 11, 2017, a jury found Alvarado guilty of first degree murder (count 1), two counts of willful, deliberate, and premeditated attempted murder (counts 2 and 4), and shooting at an inhabited dwelling (count 5). The jury also found Alvarado committed the offenses for the benefit of a criminal street gang. Regarding the murder, the jury determined that Alvarado or a principal personally and intentionally discharged a firearm causing death. Regarding the attempted murders, the jury found that Alvarado or a principal personally and intentionally discharged a firearm.

On January 10, 2018, the trial court sentenced Alvarado to an aggregate term of 120 years to life, comprised of an indeterminate term of 25 years to life for the murder plus an indeterminate term of 25 years to life for the discharge of a firearm causing death and two indeterminate terms of 15 years to life for the attempted murders plus two determinate terms of 20 years for the discharge of a firearm. The court imposed and stayed an indeterminate term of 15 years to life for shooting at an inhabited dwelling.

On May 1, 2020, this court reversed for insufficient evidence Alvarado's conviction for attempted murder and remanded the matter to the trial court with directions to dismiss count 4 and resentence Alvarado.[3]

On January 8, 2021, the trial court conducted a resentencing hearing. The People requested that the trial court follow the disposition of this court's prior opinion. Alvarado did not make any specific sentencing requests and submitted the matter.

At Alvarado's resentencing, the trial court on count one (first degree murder, § 187, subd. (a)), imposed an indeterminate term of 25 years to life, plus an indeterminate

---

[2] As the facts of Alvarado's crimes are not relevant to this appeal, we do not recount them here. By separate order in this case, we granted Alvarado's request that we take judicial notice of the prior appeal (case No. H045500), and we rely on the procedural history contained in our previous opinion. (See *People v. Alvarado* (May 1, 2020, H045500) [nonpub. opn.].)

[3] This court also directed the trial court upon remand to stay the 15-year minimum parole eligibility term imposed on count 2 pursuant to section 186.22, subdivision (b)(5).

term of 25 years to life on the enhancement for the discharge of a firearm causing death (§ 12022.53, subd. (d)) and imposed and stayed an additional term of 25 years to life, consecutive, on the gang enhancement (§ 186.22, subd. (b)(1)). On count two (attempted murder, §§ 664, 187, subd. (a)), the court imposed a term of life imprisonment, plus a determinate term of 20 years on the enhancement for the personal and intentional discharge of a firearm (§ 12022.53, subd. (c)) and imposed and stayed the gang enhancement (§ 186.22, subd. (b)(1)). The court dismissed count 4. On count 5 (shooting at an inhabited dwelling (§ 246)), it imposed a term of 15 years to life and stayed the sentence (§ 654). With respect to each firearm enhancement, the court stated it was "exercis[ing] its discretion" to impose the additional consecutive terms.

This appeal followed.

## II. DISCUSSION

In his opening brief on appeal, Alvarado argued that the trial court had the discretion under section 12022.53, subdivision (h) (hereafter § 12022.53(h)) to impose lesser included enhancements on the firearm enhancements attached to counts 1 and 2. Alvarado noted that there was a split in authority on whether the trial court had this authority, and the California Supreme Court had granted review of the issue in *People v. Tirado* (2019) 38 Cal.App.5th 637, review granted November 13, 2019, S257658, but had not yet issued its opinion. With respect to the record in his own case, Alvarado contended that, because the trial court had not discussed *Tirado* (or the other cases that preceded it), it "did not indicate whether or not it knew" it had the authority to impose the lesser included enhancements. Alvarado did not point out that he never raised the issue before the trial court or asked the court to impose lesser included enhancements.

In response to Alvarado's opening brief, the Attorney General argued that the trial court did not have the authority under section 12022.53(h) to substitute lesser firearm enhancements for greater ones.

3

After the appeal was fully briefed, the California Supreme Court issued its decision in *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado II*). It decided that, under certain factual circumstances, "the statutory framework permits a court to strike the section 12022.53(d) enhancement found true by the jury and to impose a lesser uncharged statutory enhancement instead." (*Id.* at pp. 692, 700.) This court subsequently requested supplemental briefing on the effect of *Tirado II* on this appeal.

Alvarado contends that *Tirado II* requires this court to remand his case for a new sentencing hearing at which the trial court may determine whether to exercise its discretion to strike the enhancements found true by the jury and impose a lesser uncharged statutory enhancement. Alvarado notes that, at the time of his resentencing hearing, "the law was unsettled" due to the split of authority in the Courts of Appeal.

The Attorney General for his part observes that the trial court explicitly stated it was exercising its discretion when imposing the enhancements, and we must presume that the trial court correctly applied the law. Indeed, before *Tirado II*, the Court of Appeal in *Morrison* (whose analysis the California Supreme Court adopted in *Tirado II*[4]) stated, "after the publication of our decision today, the usual presumption that a sentencing court correctly applied the law will apply and will ordinarily prevent remand where the record is silent as to the scope of a court's discretion. [Citation.] Additionally, the 'lesser firearm enhancement' issue only arises when the court *has been asked* to strike a greater enhancement under section 12022.53." (*People v. Morrison* (2019) 34 Cal.App.5th 217, 225, italics added.) Here, Alvarado did not request that the trial court either strike or reduce the gun enhancements.

Nevertheless, we decide that, under the circumstances, we cannot presume the trial court was aware of the scope of its sentencing discretion with respect to the firearm

---

[4] See *Tirado II*, *supra*, 12 Cal.5th at p. 697 ["*Morrison* correctly described the scope of a trial court's sentencing discretion under section 12022.53."].

4

enhancements.  At the time of Alvarado's resentencing, it was clear that the trial court had the authority to strike entirely the punishment on the gun enhancements.  (*Tirado II*, *supra*, 12 Cal.5th at p. 696 ["There is no dispute that section 12022.53(h), as amended, authorizes a court to strike a section 12022.53(d) enhancement entirely and impose no additional punishment under section 12022.53."].)  Therefore, the trial court's allusion to the exercise of its discretion could well have referenced only that authority.

Until the California Supreme Court issued its opinion in *Tirado II*, and as the Attorney General acknowledges here, a "host of other cases" had rejected the *Morrison* analysis.  We recognize that Alvarado never asked the trial court to impose a lesser-included enhancement on either of the gun enhancements, and we do not fault the trial court for not explicitly acknowledging its possible discretion to do so.  Nevertheless, we do not apply the forfeiture doctrine here, both because failure to exercise discretion implicates due process concerns and to forestall unnecessary claims of ineffective assistance of counsel.  (See *People v. Leon* (2016) 243 Cal.App.4th 1003, 1023.)

"When being sentenced, a defendant is entitled to decisions made by a court exercising informed discretion.  [Citation.]  A court acting while unaware of the scope of its discretion is understood to have abused it."  (*Tirado II*, *supra*, 12 Cal.5th at p. 694.)  We decide that Alvarado's sentence should be vacated and remanded for a new sentencing hearing, so that the trial court may exercise its discretion with respect to the firearm enhancements.  We express no opinion how the trial court should exercise its discretion.

### III.  DISPOSITION

The judgment is affirmed but the sentence is vacated and the cause is remanded for a new sentencing hearing.  On remand, the trial court shall consider all sentencing options under Penal Code section 12022.53.

5

_____
Danner, J.

WE CONCUR:




_____
Bamattre-Manoukian, Acting P.J.




_____
Grover, J.




**H048753**
*People v. Alvarado*